UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VALARIAN BROWN,

    Petitioner,

v().                                                  Case No:  8:14-cv-2543-T-30UAM
                                                    Crim. Case No: 8:11-cr-356-T-30EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

# ORDER

THIS CAUSE comes before the Court upon Petitioner Valarian Brown's motion to amend his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed on May 4, 2015.[1]  (CV Doc. 10).  The government has not filed a response or otherwise indicated opposition to the motion.

Brown presently seeks to amend his § 2255 petition under Federal Rule of Civil Procedure 15(c)(1) and claims that it is for the purpose of clarification. (CV Doc. 10). But his motion to amend does not clarify a previously raised claim; rather it asserts an additional claim of ineffective of assistance of counsel.  Namely, Brown adds a claim that

---

[1] Documents from pro se prisoners are deemed filed on the date the prisoner delivers the documents to prison authorities for mailing or places them in the prison mail system. Fed. R. App. P. 4(c); *see also Houston v. Lack*, 487 U.S. 266, 276 (1988).  It is assumed, absent contrary evidence, that Brown's filing "was delivered to prison authorities the day he signed it."  *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

counsel was ineffective for failing to investigate and challenge his arrest because falsified information was used to establish probable cause. (CV Doc. 10).

Brown's motion to amend, signed on May 4, 2015, clearly falls outside the one-year limitations period provided in § 2255(f).[2]  Therefore, the additional ground is untimely and barred from federal review unless the claim relates back to a claim raised in Brown's timely-filed § 2255 motion.[3] *See Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000) ("'Relation back' causes an otherwise untimely claim to be considered by treating it as if it had been filed when the timely claims were filed."); *United States v. Hames*, 431 F. App'x 846, 847 (11th Cir. 2011) ("Rule 15 [of the Federal Rules of Civil Procedure] can be used in cases where a defendant files a timely § 2255 motion and then later files an amendment or additional motion that relates back to the original § 2255, but would otherwise be untimely." (citing *Davenport*, 217 F.3d at 1344)). To relate back to a timely § 2255 motion, a subsequently presented claim must arise from the same conduct and occurrences that formed the basis of the timely asserted claims. *See* Fed. R. Civ. P. 15(c)(1)(B). In *Davenport*, the Eleventh Circuit held that in order to relate back, claims in

---

[2]Following a direct appeal, Brown filed a petition for writ of certiorari to the Supreme Court of the United States. His petition was denied on October 9, 2013, and his judgment became final on that date. *See Brown v. United States*, 134 S. Ct. 206 (2013); *see also Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court . . . denies a petition for a writ of certiorari."). Thus, under § 2255(f)(1), Brown had until October 9, 2014, to file a motion pursuant to § 2255. His § 2255 motion (CV Doc. 1), filed on October 2, 2014, was timely.

[3]Because the claims asserted in Brown's § 2255 motion were filed before the expiration of the one-year limitation period, they are timely. Nevertheless, the filing of a timely § 2255 motion does not toll the one-year limitation period. *See Jones v. United States*, 304 F.3d 1035, 1040-41 (11th Cir. 2002); *see also Duncan v. Walker*, 533 U.S. 167, 172 (2001) (finding that AEDPA's one-year limitation period for filing a federal habeas petition is not tolled during pendency of a previously filed federal habeas petition). Therefore, unless the new claim relates back to one of the claims raised in the § 2255 motion, the claim is time-barred.

an amended § 2255 motion must arise from the same set of facts as the original claims, not from separate conduct and occurrences in both time and type. *Id*. at 1344.

In his original § 2255 motion, Brown raises six claims of ineffective assistance of counsel, arguing that counsel was ineffective for failing to (1) challenge an enhancement applied to his sentence pursuant to 21 U.S.C. § 851 before trial (Ground 1), (2) investigate the prior offenses used to enhance his sentence under § 851 (Ground 2), (3) relay plea offers (Ground 3), (4) challenge the sufficiency of the indictment (Ground 4), (5) request a jury instruction as to the statute of limitations on conspiracy (Ground 5), and (6) pursue a *Brady* claim under Federal Rules of Criminal Procedure 29 and 33 related to information revealed prior to sentencing that a detective and agent involved in the investigation and arrest of Brown were under investigation themselves for misconduct unrelated to Brown's criminal proceedings (Ground 6). (CV Doc. 1).

Brown's new claim, involving counsel's alleged failure to investigate and challenge Brown's arrest because falsified information was used to establish probable cause, does not expand the facts or clarify the original claims. Rather, it challenges a different aspect of counsel's performance at a separate stage of the proceedings. Additionally, the new claim does not share any "core facts" with the original claims. *See Mabry v. United States*, 336 F. App'x 961, 964 (11th Cir. 2009) (finding that the "district court did not abuse its discretion by finding that the new claim does not relate back" where it did "not have core facts that coincide" with original claims); *see also Mayle v. Felix*, 545 U.S. 644, 659 (2005) (stating that relation back depends on the existence of a common "core of operative facts"

uniting the original and newly asserted claims); Here, the new claim does not relate back to any of the claims initially raised in Brown's § 2255 motion.

Accordingly, the new claim, filed after the expiration of Brown's period to file a motion under § 2255, is untimely, and his motion to amend should be denied.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Petitioner Valarian Brown's motion to amend his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (CV Doc. 10) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 4th day of May, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record